ELIZABETHPORT BANKING COMPANY, A CORPORATION, PLAINTIFF-APPELLANT, v. FRED J. TUZENEAU AND BERTHA TUZENEAU, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted March 1, 1965—Decided March 8, 1965.

Before Judges GOLDMANN, SULLIVAN and LABRECQUE.

*Mr. George B. Turton,* attorney for appellant.

*Mr. Ira J. Katchen,* attorney for respondent.

The opinion of the court was delivered by

GOLDMANN, S. J. A. D.  Plaintiff appeals from a county district court judgment entered in defendants' favor on its complaint as well as on their counterclaim.  The case was heard without a jury and was decided upon stipulation of admitted facts.  Under that stipulation defendants' demand for interrogatories and plaintiff's answers thereto were submitted in evidence by consent of the parties.

On November 17, 1958 defendants entered into a conditional sales contract with Gorman P. Fischer, Inc. for the sale of an automobile.  The contract was assigned to plaintiff the same day and filed in accordance with *R. S.* 46:32–13.  The

New Jersey Motor Vehicle Department thereupon issued a certificate of ownership to plaintiff, with its lien recorded thereon. A copy of the certificate was delivered to defendants. See *N. J. S. A.* 39:10–11(B).

Plaintiff admits it received $2,062 on account of the total purchase price (including financing) of $2,534, leaving a balance of $472. Defendants' last payment to plaintiff was made on August 3, 1961, and they admit they were in default under the conditional sales agreement as of that date. In September 1961 plaintiff's representative removed the automobile from the premises of Nicholas Motors, where it had been left by defendants, and took it to the bank's parking lot where it has since remained in its possession and control. Plaintiff made numerous demands upon defendants for payment of the balance due, and it admits it would not release the car to them unless the balance were paid.

In June 1961 plaintiff delivered the original certificate of ownership to defendant Fred Tuzeneau at his request, as he desired to transfer title to his wife. He never made such transfer, nor did he ever return the certificate to plaintiff. He claims that the certificate was in the glove compartment of the car when it was left at Nicholas Motors.

Eventually the bank brought an action in the county district court to recover the $472 remaining due, plus an attorney's fee of $70.80 as provided for in the conditional sales agreement. By a second count it demanded judgment of $200, representing a reasonable charge for storage at the rate of 50¢ a day. Defendants answered and, among other defenses, alleged that plaintiff had not complied with the statutes governing the retaking of the automobile and the resale thereof. By way of counterclaim they alleged that plaintiff had failed to comply with that section of the Uniform Conditional Sales Act mandating a resale where there has been repossession of the article sold, and they were therefore entitled to recover their actual damages of not less than one-fourth of the sum of all payments made under the conditional sales agreement, with interest, as provided in *R. S.* 46:32–1 *et seq.* Accordingly, they

demanded judgment of $513 with interest from the time of repossession. The county district court judge awarded them that amount.

On this appeal plaintiff has abandoned the issue it raised in the trial court—that it did not actually repossess the automobile but accepted surrender of it by the buyers. There can be no question, in light of the stipulation of admitted facts, that plaintiff repossessed the car by its own unilateral action. It was not obliged to do so, but once having elected to repossess, it was compelled to proceed in accordance with the provisions of the Uniform Conditional Sales Act, *R. S.* 46:32–25.

Plaintiff contends here, as it did below, that it was not required to comply with *R. S.* 46:32–25 because it did not have the original certificate of ownership and so could not legally proceed with a public sale. It places the blame on defendants for their failure to return the certificate to it.

Since both the conditional sale and the repossession of the car pre-date the adoption of the Uniform Commercial Code, *N. J. S.* 12A:1–101 *et seq.,* effective January 1, 1963, this matter must be resolved under the Uniform Conditional Sales Act. *R. S.* 46:32–25, the pertinent provision of the latter law, provides:

*"Compulsory resale by seller; notice*
If the buyer does not redeem the goods within ten days after the seller has retaken possession, and the buyer has paid at least fifty per cent of the purchase price at the time of retaking, the seller shall sell them at public auction in the state where they were at the time of the retaking, such sale to be held not more than thirty days after the retaking. The seller shall give to the buyer not less than ten days' written notice of the sale, either personally or by registered mail, directed to the buyer at his last known place of business or residence. The seller shall also give notice of the sale by at least three notices posted in different public places within the filing district where the goods are to be sold, at least five days before the sale. If at the time of the retaking five hundred dollars or more has been paid on the purchase price, the seller shall also give notice of the sale at least five days before the sale by publication in a newspaper published or having a general circulation within the filing district where the goods are to be sold. The seller may bid for the goods at the resale."

Plaintiff admits that it did not comply with this section but, as noted, seeks to avoid its requirements by advancing the claim that defendants failed to surrender the title papers to it or the Director of Motor Vehicles.

There are two answers to that contention. The first is that the Director made no demand for the certificate of ownership, nor was he requested to make such demand. And defendants had either left the certificate in the glove compartment of the repossessed car or lost it. The second appears in the provisions of *N. J. S. A.* 39:10–15, part of the Motor Vehicle Act. That section provides:

"If a motor vehicle is seized * * * and taken into possession, actually or constructively, * * * by virtue of a statute, State, Federal or otherwise, the person from whose possession the motor vehicle was taken, and without prejudice to his rights in the premises, *shall surrender the title papers to the commissioner* [now Director of Motor Vehicles] *upon written notice or demand from the commissioner* [Director]. The officer or person so seizing and taking possession of the motor vehicle shall immediately file with the commissioner [Director] a notice in writing giving a full description of the motor vehicle, as provided in section 39:10–8 of this Title, and the name and address of the person from whom taken, and shall attach a copy of process or statutory or other authority to the notice. If the motor vehicle is sold in pursuance thereof, *the officer so selling it shall execute and deliver to the purchaser at the sale an application for certificate of ownership.* in the same form and manner as provided in said section 39:10–8, which shall also contain the name and address of the person from whom the motor vehicle was taken. A copy of the writ, order, decree, execution or other process under which the motor vehicle is sold and a copy of the notice of sale, which notice of sale shall contain a description of the motor vehicle as required by this chapter, shall be attached thereto. If the sale is held by a bailiff or attorney in fact for a lienor, the lienor shall also execute the application for certificate of ownership. The commissioner [Director], upon due application to him by the purchaser at the sale, shall file and record purchase of the vehicle as provided in section 39:10–8." (Italics ours)

Plaintiff could have requested the Director of Motor Vehicles to give defendants written notice or to surrender the title papers to him. It makes no claim that it did so. Further, and out of an excess of caution, it could have obtained a certified copy of the certificate of ownership from the Motor

Vehicle Department at Trenton, and then proceeded with the sale in accordance with the provisions of *R. S.* 46:32–25.

But more significantly, plaintiff could have, without more, proceeded with the sale under *N. J. S. A.* 39:10–15. It should have had the person who repossessed the automobile immediately file with the Director of Motor Vehicles the written notice mentioned in that section. Then, when it held the sale, it could have caused the officer in charge of the sale to "execute and deliver to the purchaser at the sale an application for certificate of ownership."

Plaintiff was satisfied to let time pass without doing anything about realizing the balance due it under the conditional sales contract. Meanwhile, the car remained on its parking lot, under its full possession and control. Since it failed to comply with *R. S.* 46:32–25, defendants were entitled to recover their actual damages, in an amount not less than one-fourth of the total payments made under the conditional sales contract, together with interest, under *R. S.* 46:32–31.

The judgment is affirmed.